# EXHIBIT A

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF GREENVILLE | ) | CASE NO. 2023-CP-23- |
| Jane Roe, | ) | |
| Plaintiff, | ) | **SUMMONS** |
| vs. | ) | |
| Furman University, Beta Theta Pi, the Zeta Lambda Chapter of Beta Theta Pi, and John Doe, | ) | |
| Defendants. | ) | |

YOU ARE HEREBY SUMMONED and required to answer the complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your answer to the said complaint on the subscriber at her office, 1225 South Church, Greenville, South Carolina, 29605, within thirty (30) days after service thereof exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

Respectfully submitted,

Hawkins & Jedziniak, LLC

*s/ Helena L. Jedziniak*
Joshua T. Hawkins, S.C. Bar No. 78470
Helena L. Jedziniak, S.C. Bar No. 100825
Ethan L. Jedziniak, S.C. Bar No. 105785
1225 South Church Street
Greenville, South Carolina 29605
(864) 275-8142 (telephone)
(864) 752-0911 (facsimile)
josh@hjllcsc.com
helena@hjllcsc.com
ethan@hjllcsc.com
Attorneys for Plaintiffs

Greenville, South Carolina
June 5, 2023

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF GREENVILLE | ) ) | CASE NO. 2022-CP-23- |
| Jane Roe, | ) ) | |
| Plaintiff, | ) ) | **COMPLAINT**<br>**(Jury Trial Requested)** |
| vs. | ) ) ) | |
| Furman University, Beta Theta Pi, the Zeta Lambda Chapter of Beta Theta Pi, and John Doe, | ) ) ) | |
| Defendants. | ) ) ) | |

COMES NOW, the plaintiff, alleging and complaining of the defendants as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Jane Roe is a citizen and resident of Florida.

2. Furman University is an undergraduate and graduate university located in Greenville County, South Carolina.

3. Upon information and belief, Beta Theta Pi is a national social fraternity with chapters located across the country.

4. Upon information and belief, Beta Theta Pi ("Beta") has a chapter located at Furman University under the name Zeta Lambda ("the Zeta Lambda Chapter").

5. Upon information and belief, John Roe is a citizen and resident of Gwinnett County, Georgia.

6. The majority of the events giving rise to this action occurred in Greenville County, South Carolina.

7. Jurisdiction and venue are proper for the foregoing reasons.

### FACTUAL BACKGROUND

8. The plaintiff incorporates the foregoing paragraphs as if repeated here, verbatim.

9. At the time of the events described herein, the plaintiff was a student enrolled at Furman

2

University.

10. At the time of the events described herein, defendant John Doe was a student enrolled at Furman University and a member of the Zeta Lambda Chapter of Beta Theta Pi.

11. Prior to the events giving rise to this action, members of the Zeta Lambda Chapter of Beta Theta Pi regularly hosted gatherings/events/parties where they served alcohol to guests. Upon further information and belief, representatives of the fraternity knew or should have known that students who were not of legal drinking age attended these parties and illegally consumed alcohol provided by members of the fraternity.

12. Prior to the events giving rise to this action, Furman University knew or should have known that underaged students regularly consumed alcohol on Furman's campus. Despite having this active and/or constructive knowledge, Furman failed to implement adequate measures to ensure that underaged students were not provided with alcohol while on Furman's campus and that underaged students did not illegally consume alcohol while on Furman's campus.

13. On September 22, 2020, Doe attended a gathering with members of the Zeta Lambda Chapter of Beta. During the gathering, Doe consumed a large quantity of alcohol. Upon information and belief, this alcohol was supplied to Doe by members of the Zeta Lamba Chapter, even though these members knew that Doe was not legally allowed to consume alcohol.

14. After leaving this gathering, Doe went to visit Roe, who he had been friends with for approximately a year. When Doe arrived at Roe's dorm room, he was visibly intoxicated and brought alcohol with him. He told the plaintiff that, prior to meeting her, he had consumed "a bottle" of tequila.

15. Roe, Doe, and Roe's roommate socialized in Roe's room for a period of time before Roe's roommate left the room to take a shower.

16. Once Roe's roommate left, Doe began to make sexual advances toward Roe. The plaintiff said "no" and asked Doe to stop but Doe, who was heavily intoxicated, negligently and recklessly ignored the plaintiff's verbal and physical signs of refusal and forcefully engaged in sexual intercourse with the plaintiff without her consent.

17. Upon information and belief, John Doe had been observed by others on prior occasions when he became so intoxicated that he did not remember his actions which is consistent with the plaintiff's description of Doe's mental state at the time of this incident.

18. When the plaintiff was able to do so, she left her dorm room and walked down the hallway. Doe followed the plaintiff out of her room, forced her into the handicapped bathroom, and locked the door. Doe then proceeded to again engage in sexual conduct with the plaintiff against her consent and over her objections. As a result of Doe's actions, the plaintiff sustained physical injuries to her neck, breasts, knees, and legs.

19. Doe left the bathroom and returned to his dorm room. He told his roommate that he was unable to recall exactly what had occurred between he and the plaintiff because of the amount of alcohol that he had consumed earlier in the night.

20. After Doe left the bathroom, the plaintiff contacted two of her friends and confided in them. Following their advice, the plaintiff later went to the student health center, where she reported the incident to medical professionals and received medical treatment. The plaintiff also reported the incident to Furman officials.

21. In the days following the above-described events, members of the Zeta Lambda Chapter of Beta Theta Pi, including the fraternity's president, learned of the incident. Upon information and belief, after speaking with John Doe and learning of the plaintiff's allegations of nonconsensual sexual conduct, the president of the Zeta Lambda Chapter did not take any steps

to investigate the plaintiff's claims or to initiate any type of chapter disciplinary proceeding against John Doe.

22. Upon information and belief, prior to the events described in this complaint, Furman, through its agents and employees, received multiple reports of sexual assaults resulting from and/or involving the use of alcohol by students on Furman's campus and/or at Furman events. Despite having actual knowledge of such reports, Furman failed to take reasonable measures to ensure that students, including the plaintiff, were safe from similar incidents perpetuated by other students.

23. Upon information and belief, prior to the events described in this complaint, Furman, through its agents and employees, had actual knowledge that underaged students regularly possessed, distributed, and consumed alcohol on campus. Upon further information and belief, Furman had actual knowledge that the consumption of alcohol by underaged students was a factor in a significant number of the sexual assaults reported by Furman students. Despite having actual knowledge of the possession, distribution, and consumption of alcohol by underaged students, as well as the role that the same played in previous reports of sexual assaults on Furman's campus, Furman failed to take reasonable measures to ensure that alcohol was not possessed or consumed by underaged students on Furman's campus and/or at Furman events.

24. Upon information and belief, prior to the events described in this complaint, the Zeta Lambda Chapter, through its agents and employees, had actual knowledge that members of the fraternity frequently consumed alcohol in excessive quantities during official or unofficial fraternity events or gatherings. This knowledge included the knowledge that underaged fraternity members regularly consumed alcohol during official or unofficial fraternity events or gatherings and that fraternity members regularly purchased and/or provided alcohol to

5

ELECTRONICALLY FILED - 2023 Jun 05 5:42 PM - GREENVILLE - COMMON PLEAS - CASE#2023CP2302822

underaged members of the fraternity with the knowledge that such underaged members would consume the alcohol, often to excess. Despite this actual knowledge, the Zeta Lambda Chapter failed to take reasonable measures to ensure that alcohol was not possessed, consumed, or consumed to excess by individuals, including underaged individuals.

25. Upon information and belief, on at least one prior occasion, a Furman student reported being sexually assaulted by an underaged member of the Zeta Lambda Chapter at a fraternity event after the underaged member became intoxicated by consuming alcohol provided by fraternity members. Upon further information and belief, the Zeta Lambda Chapter had actual knowledge of such reports prior to the events giving rise to this action.

26. Upon information and belief, Beta had actual knowledge that members of the Zeta Lambda Chapter frequently consumed alcohol in excessive quantities during official or unofficial fraternity events or gatherings. This knowledge included the knowledge that underaged fraternity members regularly consumed alcohol during official or unofficial fraternity events or gatherings and fraternity members regularly purchased and/or provided alcohol to underaged members of the fraternity with the knowledge that such underaged members would consume the alcohol, often to excess. Despite this actual knowledge, Beta failed to take reasonable measures to ensure that alcohol was not possessed, consumed, or consumed to excess by underaged individuals.

27. Upon information and belief, prior to the events giving rise to this action, Beta had actual knowledge of at least one prior report that a Furman student was sexually assaulted by an underaged member of the Zeta Lambda Chapter at a fraternity event after the underaged member became intoxicated by consuming alcohol provided by fraternity members.

28. As a result of the events giving rise to this action, the plaintiff suffered severe mental,

6

emotional, and psychological trauma. Ultimately, the plaintiff withdrew from Furman because she was unable to continue at the university after the events described herein.

29. Doe's conduct towards the plaintiff was severe, pervasive, and objectively offensive.

30. Furman University, the Zeta Lambda Chapter, and Beta each knew or should have known that Doe's conduct towards the plaintiff was severe, pervasive, and objectively offensive.

31. Furman University, the Zeta Lambda Chapter, and Beta ratified the actions of Roe.

32. All defendants violated policies and procedures, and those violations contributed to the plaintiff's injuries.

33. The actions of Furman University, the Zeta Lambda Chapter, and Beta were motivated by unreasonable financial gain.

34. All defendants named herein caused some of the plaintiff's injuries.

35. The defendants are liable for several different and distinct acts and omissions, including Furman's, the Zeta Lambda Chapter, and Beta's negligent hiring, supervision, and retention of employees.

36. All defendants are jointly and severally liable.

37. The plaintiff is therefore informed and believes that she is entitled to judgment against the defendants.

**FOR A FIRST CAUSE OF ACTION**
**(Common Law Liability for Negligence, Gross Negligence, and Recklessness)**

38. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

39. Individuals have a duty to exercise due care, defined to mean the care that a person of ordinary reason and prudence would exercise in the circumstances.

40. University officials, employees, and/or agents have a duty to exercise the degree of knowledge,

7

skill, and care that is required of officials, administrators, investigators, deans, and other employees and faculty members and that is ordinarily possessed and exercised by those in their special line of work.

41. Fraternity officials, employees, and/or agents have a duty to exercise the degree of knowledge, skill, and care that is required of officials, administrators, and other employees and/or agents and that is ordinarily possessed and exercised by those in their special line of work.

42. Breaches of these duties constitute negligence and sometimes recklessness.

43. Defendant Furman University has breached its duties in a negligent, reckless, and grossly negligent manner in some or all of, but not limited to, the following particulars:

    a. in causing injury to the plaintiff though reckless and negligent acts;
    b. in failing to ensure that Furman employees and students complied with all applicable policies and procedures;
    c. in implementing policies and procedures that are themselves unethical, unconscionable, or improper;
    d. in creating an atmosphere conducive to underage drinking;
    e. in failing to exercise even slight care;
    f. in failing to provide reasonable protection and preventative measures;
    g. in failing to warn others of some or all of Doe's dangerous tendencies;
    h. in failing to adequately investigate its employees' conduct prior to the commission of the tortious actions described herein;
    i. in acting with a reckless disregard for the plaintiff's safety and well-being;
    j. in authorizing, adopting, and ratifying Doe's conduct toward the plaintiff;
    k. in hiring employees who were incompetent, lacked proper education and training, or

8

ELECTRONICALLY FILED - 2023 Jun 05 5:42 PM - GREENVILLE - COMMON PLEAS - CASE#2023CP2302822

were otherwise unfit;

l. in promoting an atmosphere where the events described herein were likely to occur; and,

m. in such other particulars as will be shown through discovery and at trial.

44. Defendant Roe has breached his duties in a negligent, reckless, and grossly negligent manner in some or all of, but not limited to, the following particulars:

a. in causing physical injury to the plaintiff;

b. in failing to exercise even slight care;

c. in injuring the plaintiff;

d. in engaging in sexual conduct with the plaintiff without her consent;

e. in causing the plaintiff to fear for her safety;

f. in acting with a reckless disregard for the plaintiff's safety and well-being; and,

g. in other such particulars as the evidence may show.

45. Defendants Beta Theta Pi and the Zeta Lambda Chapter of Beta Theta Pi breached their duties in a negligent, grossly negligent, and reckless manner in some or all of, but not limited to, the following particulars:

a. in causing injury to the plaintiff though reckless and negligent acts;

b. in failing to ensure that fraternity employees and members complied with all applicable policies and procedures;

c. in implementing policies and procedures that are themselves unethical, unconscionable, or improper;

d. in creating an atmosphere conducive to underage drinking;

e. in failing to exercise even slight care;

9

    f. in failing to provide reasonable protection and preventative measures;

    g. in failing to warn others of some or all of Doe's dangerous tendencies;

    h. in failing to adequately investigate its employees' and/or agents' conduct prior to the commission of the tortious actions described herein;

    i. in acting with a reckless disregard for the plaintiff's safety and well-being;

    j. in authorizing, adopting, and ratifying Doe's conduct toward the plaintiff;

    k. in hiring employees who were incompetent, lacked proper education and training, or were otherwise unfit;

    l. in promoting an atmosphere where the events described herein were likely to occur; and,

    m. in such other particulars as will be shown through discovery and at trial.

46. As a direct and proximate result of the negligent, grossly negligent, and reckless acts and omissions of the defendants, the plaintiff sustained injuries and damages, including some or all of the following:

    a. monetary damages;

    b. loss or impairment of earning capacity;

    c. out-of-pocket expenses;

    d. medical expenses;

    e. psychological trauma;

    f. mental anguish;

    g. mental distress;

    h. anxiety;

    i. emotional injury;

ELECTRONICALLY FILED - 2023 Jun 05 5:42 PM - GREENVILLE - COMMON PLEAS - CASE#2023CP2302822

ELECTRONICALLY FILED - 2023 Jun 05 5:42 PM - GREENVILLE - COMMON PLEAS - CASE#2023CP2302822

    j. psychological injury;

    k. depression;

    l. pain and suffering;

    m. loss of enjoyment of life; and,

    n. such other damages as will be shown through discovery and at trial.

47. The plaintiff is therefore informed and believes that she is entitled to judgment against the defendants for actual and punitive damages.

## FOR A SECOND CAUSE OF ACTION
**(Negligent Hiring, Supervision, and Retention)**

48. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

49. Defendants Furman University, Beta Theta Pi, and the Zeta Lambda Chapter of Beta Theta Pi each had a duty to hire competent and fit employees; to require appropriate education, experience, and other qualifications; to properly supervise employees; and to terminate unfit employees.

50. Defendants Furman University, Beta Theta Pi, and the Zeta Lambda Chapter of Beta Theta Pi each breached its duties to adequately supervise, hire, and retain employees and acted in a negligent and grossly negligent/reckless manner in some or all of the following particulars:

    a. in failing to ensure that employees complied with procedures regarding incidents such as those described herein and others;

    b. in failing to provide proper training and education;

    c. in failing to conduct routine check-ups and monitoring;

    d. in failing to ensure that employees complied with employment policies and procedures;

    e. in failing to adequately investigate the conduct of the defendants toward the plaintiff;

11

    f. in failing to appropriately interview candidates or require that candidates be qualified before hiring them;

    g. in failing to require sufficient education and training before hiring employees;

    h. in failing to properly screen applicants, perform appropriate background checks, check references, and perform sufficient and formal interviews; and,

    i. in other such particulars as the evidence may show.

51. As a direct and proximate result of the negligent, grossly negligent, and reckless acts and omissions of the defendants, the plaintiff sustained injuries and damages, including some or all of the following:

    a. monetary damages;

    b. loss or impairment of earning capacity;

    c. out-of-pocket expenses;

    d. medical expenses;

    e. psychological trauma;

    f. mental anguish;

    g. mental distress;

    h. anxiety;

    i. emotional injury;

    j. psychological injury;

    k. depression;

    l. pain and suffering;

    m. loss of enjoyment of life; and,

    n. such other damages as will be shown through discovery and at trial.

ELECTRONICALLY FILED - 2023 Jun 05 5:42 PM - GREENVILLE - COMMON PLEAS - CASE#2023CP2302822

52. The plaintiff is therefore informed and believes that she is entitled to judgment against Defendants Furman University, the Zeta Lambda Chapter of Beta, and Beta Theta Pi for actual and punitive damages.

## FOR A THIRD CAUSE OF ACTION
(Dram Shop Liability/Social Host Liability)

53. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

54. The Zeta Lambda Chapter of Beta and Beta Theta Pi each owed duties to exercise reasonable care to not knowingly and intentionally serve alcoholic beverages to underaged individuals and to not cause underaged individuals to be served alcoholic beverages.

55. The Zeta Lambda Chapter and Beta Theta each breached its duties by knowingly and intentionally serving, or causing to be served, John Doe, who was underaged at the time of the events described herein. The defendants knew that John Doe, who was a member of both organizations, was underaged and could not legally consume alcoholic beverages.

56. The Zeta Lambda Chapter and Beta also knew that John Doe had engaged in a pattern of drinking in excess at both official and unofficial fraternity functions and gatherings and displaying reckless and potentially dangerous behavior.

57. An essential part of South Carolina dram shop and social host liability laws is to protect third parties from being injured by the actions of intoxicated persons illegally served. The plaintiff – a third party injured by the actions of John Doe, an intoxicated person illegally served alcohol – is part of the class of persons that South Carolina dram shop and social host liability laws are designed to protect.

58. As a direct and proximate cause of Defendants the Zeta Lambda Chapter and Beta serving, or causing to be served, John Doe, the plaintiff was injured. After becoming intoxicated at a party

13

ELECTRONICALLY FILED - 2023 Jun 05 5:42 PM - GREENVILLE - COMMON PLEAS - CASE#2023CP2302822

hosted by the defendants, John Doe forcefully engaged in sexual intercourse with the plaintiff without the plaintiff's consent.

59. The plaintiff is therefore informed and believes she is entitled to judgment against defendants the Zeta Lambda Chapter of Beta and Beta Theta Pi.

WHEREFORE, the plaintiff requests a jury trial and judgment against the defendants for actual damages, nominal damages, statutory damages, punitive damages, costs, and such other relief the Court deems just and equitable.

Respectfully submitted,

Hawkins & Jedziniak, LLC

*s/ Helena L. Jedziniak*
Joshua T. Hawkins, S.C. Bar No. 78470
Helena L. Jedziniak, S.C. Bar No. 100825
Ethan L. Jedziniak, S.C. Bar No. 105785
1225 South Church Street
Greenville, South Carolina 29605
(864) 275-8142 (telephone)
(864) 752-0911 (facsimile)
josh@hjllcsc.com
helena@hjllcsc.com
ethan@hjllcsc.com

Greenville, South Carolina
June 5, 2023

Attorneys for Plaintiff

Pursuant to Rule 38, *SCRCP*, the plaintiff demands a trial by jury on all issues triable to a jury.

*s/ Helena L. Jedziniak*
Helena L. Jedziniak