IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jane Roe, | ) | Case No. 6:23-cv-02701-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Furman University, Beta Theta Pi, the Zeta | ) | |
| Lambda Chapter of Beta Theta Pi, and John | ) | |
| Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Plaintiff Jane Roe's ("Plaintiff" or "Roe") Motion to Remand (DE 15) under 28 U.S.C. § 1447, seeking to remand this case to the Court of Common Pleas for Greenville County ("State Court"). The parties have briefed the motion; therefore, the motion is ripe for review and decision. After reviewing the motion and memorandum submitted, the Court finds it lacks subject matter jurisdiction, and the case must be remanded to State court.

**BACKGROUND**

Roe alleges that on September 22, 2020, she was sexually assaulted in her dorm room. On June 5, 2023, Roe filed the current suit stemming from the assault in State Court against Defendants Furman University ("Furman"), the Zeta Lambda Chapter of Beta Theta Pi ("Zeta"), Beta Theta Pi ("Beta"), and John Doe (collectively "Defendants"). (DE 1-1.) On June 15, 2023, Defendant Beta removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (DE 1.) At the time the Notice of Removal was filed, none of the defendants had been served. (Id.) The parties agree that for diversity jurisdiction purposes, Defendants Furman and Zeta (collectively "Forum Defendants") are both citizens of South Carolina, and Defendant Beta is a citizen of Ohio. (DE 15, p. 2; DE 18, p. 6.) On July 14, 2023, Plaintiff moved to remand the

1

case, claiming removal is barred under 28 U.S.C. § 1441(b)(2), the forum defendant rule.  (DE 15, p. 2.)

## LEGAL STANDARD

The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441 (2012).  The party seeking to remove a case from state court to federal court bears the burden of proving that jurisdiction is proper at the time the petition for removal is filed.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996).  That said, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447 (2012).  The court may "look beyond the complaint to determine the propriety of removal."  Flores v. Ethicon, Inc., 563 F. App'x 266, 269 (4th Cir. 2014).  If federal jurisdiction is doubtful, remand is necessary.  See Mulchaey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"  28 U.S.C. § 1332(a) (2012). "[28 U.S.C. § 1332(a)] and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff."  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978); see also Crawford v. C. Richard Dobson Builders, Inc., 597 F. Supp. 2d 605, 608 (D.S.C. 2009) ("The complete

diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant.").

## DISCUSSION

Plaintiff contends remand is necessary under the "forum defendant rule." (DE 15 at 2.) The forum defendant rule establishes, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Although Plaintiff concedes that no Defendant was properly served before removal of the case to federal court (DE 15 at 3), Plaintiff still contends Defendants' use of this process, commonly referred to as "snap removal," "is a product of gamesmanship on the part of the defendant." (Id.) On the other hand, Defendant Beta contends the Court should apply the plain statutory text of 28 U.S.C. § 1441(b)(2), which only prohibits removal when a defendant is a citizen of the forum state *if* that defendant was "properly joined and *served*." (DE 21, p. 5.) The Court disagrees with Defendants' application of the statute here.

Although it is a well-settled principle that "unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language," there are two narrow exceptions to the application of a statute's plain language, such that "[a] reviewing court may look beyond the plain language of an unambiguous statute." In re Sunterra Corp., 361 F.3d 257, 265 (4th Cir. 2004) (citations omitted). "The first such exception, premised on absurdity, exists 'when literal application of the statutory language at issue results in an outcome that can truly be characterized as absurd, i.e., that is so gross as to shock the general moral or common sense . . . .'" Id. (quoting Hillman v. I.R.S., 263 F.3d 338, 342 (4th Cir. 2001). "The second exception is premised on legislative intent, and it exists only 'when literal application of the statutory language

at issue produces an outcome that is demonstrably at odds with clearly expressed congressional intent . . . .'" Id.

Neither the Supreme Court of the United States nor the Fourth Circuit Court of Appeals has provided binding precedent on whether removal involving an unserved forum defendant is allowed under the plain language of 28 U.S.C. § 1441(b)(2) or whether it falls within one of the narrow exceptions of the application of the plain language principle. Furthermore, other circuits and District Courts within the Fourth Circuit are divided on the issue.[1] As for the forum defendant rule, Courts have interpreted the addition of the "properly joined and served" language to 28 U.S.C. § 1441(b)(2) to "prevent gamesmanship by plaintiffs," specifically "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve." Goodwin, 757 F.3d at 1221; see also Doe, 2023 WL 3964052, at * 2.

Here, there is no evidence of or risk that Plaintiffs were engaged in such gamesmanship as Defendants do not contend that any of them were added fraudulently to prevent removal of the case. To the contrary, pre-service removal "would provide an incentive for defendants to employ

---

[1]    See Goodwin v. Reynolds, 757 F.3d 1216, 1221 (11th Cir. 2014) (prohibited pre-service removal under § 1441(b)(2), finding such removal at odds with the legislative intent to prevent gamesmanship); but see Texas Brine Co., LLC. v. Am. Arb. Ass'n, Inc., 955 F.3d 482, 485 (5th Cir. 2020), Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147 (3d Cir. 2018), McCall v. Scott, 239 F.3d 808, 813 n. 2 (6th Cir. 2001), Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699 (2d Cir. 2019) (circuits rejecting the argument that a literal interpretation of the statute produces an absurd result, rather applying the "properly joined and served" requirement as a bright line rule); see also Doe 305 v. Richter, No. 2:22-CV-02940-RMG, 2023 WL 3964052, at *2 (D.S.C. June 12, 2023), KBC Asset Mgmt. NV, et al. v. Marsh, et al., No. 3:19-1457 (D.S.C. Jan. 8, 2020), Phillips Constr., LLC v. Daniels Law Firm, PLLC, 93 F. Supp. 3d 544, 548 (S.D.W. Va. 2015), Oxendine v. Merck & Co., 236 F. Supp. 2d 517, 526 (D. Md. 2002) (cases barring removal by unserved forum defendants), but see Bloom v. Libr. Corp., 112 F. Supp. 3d 498, 506 (N.D. W. Va. 2015), Wensil v. E.I. Dupont de Nemours 7 Co., 792 F. Supp. 447, 449 (D.S.C. 1992) (cases finding the presence of unserved resident defendants does not defeat removal where complete diversity exists.).

gamesmanship by racing to remove newly filed actions, which would stand in contrast to the purpose behind the inclusion of the language to prevent gamesmanship." Doe, 2023 WL 3964052, at * 2 (citing Goodwin, 757 F.3d at 1221), see also Oxendine v. Merck & Co., 236 F. Supp. 2d 517, 526 (D. Md. 2002) ("[R]emovability cannot rationally turn on the timing or sequence of service of process."). As for the outcome of the literal application of the statute, allowing pre-service removal, "if not remedied, would incentivize docket trolling, would cut against the proposition that plaintiffs are generally permitted to choose their preferred forum, and would start to move these proceedings into the zone of absurdity." Medish v. Johns Hopkins Health Sys. Corp., 272 F. Supp. 3d 719, 726 (D. Md. 2017).

Accordingly, the Court declines to apply the literal meaning of 28 U.S.C. § 1441(b)(2) because doing so "produces an outcome that is demonstrably at odds with clearly expressed congressional intent[]" and may lead to an "absurd" result. In re Sunterra Corp., 361 F.3d at 265. Thus, the Court finds pre-service removal by Defendant Beta was improper and agrees with other District Courts that "[a] functional interpretation of § 1441(b)(2) better promotes its purpose of preventing gamesmanship." Teamsters Local 677 Health Serv. & Ins. Plan v. Friedman, No. CCB-18-3868, 2019 WL 5423727, at *3 (D. Md. Oct. 23, 2019). Therefore, under 28 U.S.C. § 1441(b)(2), because Defendant Furman and Defendant Zeta are citizens of the State in which the original action was filed (South Carolina), federal jurisdiction is doubtful, and remand is necessary. Mulchaey, 29 F.3d at 151.

## CONCLUSION

For these reasons, the Court finds removal was improper, so Plaintiff's Motion to Remand (DE 15) is granted.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

October 4, 2023
Florence, South Carolina